IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51193

| | |
|---|---|
| In the Matter of:  Jane Doe II, A Child Under Eighteen (18) Years of Age. | ) ) |
| JOHN DOE AND JANE DOE I, | ) ) |
| Petitioners-Respondents, | ) ) ) |
| v. | ) ) |
| JANE DOE (2023-39), | ) ) ) |
| Respondent-Appellant. | ) ) ) |

Filed:  February 5, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Canyon County Public Defender; Alex Brockman, Deputy Public Defender, Caldwell, for appellant.

Bevis, Thiry, Henson, & Katz, P.A.; Ryan Henson, Boise, for respondents.

HUSKEY, Judge

Jane Doe (Doe) appeals from the magistrate court's judgment terminating her parental rights to her child, Jane Doe II (Child).  Doe argues the magistrate court erred in finding she neglected Child and that it is in the best interests of Child to terminate Doe's parental rights.  The magistrate court's judgment terminating Doe's parental rights is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

John Doe and Doe are the biological parents of Child.  John and Doe were never married but lived together prior to and after Child's birth in 2017.  Doe began overusing prescription pain medication in 2012, and her use escalated into using heroin and methamphetamine.  John became aware of Doe's addiction in approximately 2018.  John and Doe separated after John found Child

1

with a syringe filled with a dark brown liquid. After the separation, they shared a 50/50 custody schedule, but Doe's visitation was limited to supervised visitation if she failed to submit to, or failed, a drug test. Doe continued to use controlled substances during this time.

Doe was arrested on December 31, 2018, for multiple felony controlled substance charges. As a result of the arrest, John asked Doe to take a hair follicle drug test. Doe did not take the test and so custody of Child vested with John; Doe was limited to supervised visitation. Thereafter, Doe began using illegal substances every day.

Approximately one year later, Doe began supervised visitation with Child at KIDS Services. Doe's mother made all the arrangements for Doe to see Child, paid for the cost of the visits, and arranged and paid for Doe's transportation to the location. Doe's erratic and disruptive behavior, which included bringing baggies with residue and hypodermic needles to the facility; kicking John's vehicle as he was leaving; yelling and disrupting other families' visitation; and aggression and hostility towards the staff, ultimately resulted in staff refusing to supervise visitation between Doe and Child.

John married Jane Doe I (Doe I) in 2019. In July 2020, Doe I obtained a restraining order against Doe based on Doe showing up unexpectedly at John and Doe I's home, demanding to see Child, and refusing to leave until law enforcement arrived. In light of Doe's continued substance abuse, John sought a parenting evaluation in November 2020. Doe was uncooperative with the evaluator, did not submit a hair follicle test as requested, refused to provide her most recent treatment records, and indicated she would engage in treatment only after she was able to see Child more frequently. A few months later, Doe forged a clean result from a hair follicle testing center. In February 2021, Doe was arrested for trafficking in methamphetamine and trafficking in heroin. Doe pleaded guilty to trafficking in methamphetamine and was sentenced to a unified term of incarceration of ten years, with three years determinate, and the sentence was executed. Ultimately, John and Doe I filed a petition to terminate Doe's parental rights to Child and allow Doe I to adopt Child.

Following a trial on the termination of Doe's parental rights, the magistrate court determined that Doe neglected Child by failing to provide proper parental care or control, subsistence, medical, or other care necessary for Child's well-being. The primary factors that contributed to the magistrate court's conclusion are Doe's substance abuse and incarceration. The court then found it is in the best interests of Child to terminate Doe's parental rights. Doe appeals.

2

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

On appeal, Doe alleges the magistrate court erred in finding she neglected Child for failing to provide proper parental care or control, subsistence, medical, or other care necessary for Child's well-being and that termination of her parental rights is in the best interests of Child. In response, John and Doe I contend the magistrate court did not err.

A parent has a fundamental liberty interest in maintaining a relationship with his child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v.*

3

*Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005(1) permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Doe argues the magistrate court misapplied the statute by finding she neglected Child pursuant to I.C. § 16-1602(31)(a) because Child was cared for by others. Although acknowledging that Idaho precedent has concluded otherwise, Doe asks this Court to re-examine the statutory definition of neglect when a child is cared for by others. John and Doe I argue the magistrate court did not err in finding a statutory basis for neglect.

## A.     Neglect

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. We decline to revisit whether a parent neglects a child by failing to provide proper parental care or control when the child is adequately cared for by others. Idaho law is clear on this: A parent can neglect a child by failing to provide proper parental care even if the child's needs are being met by others. *Interest of Doe I*, 168 Idaho 74, 79, 479 P.3d 467, 472 (Ct. App. 2021).

Moreover, in this case, the record provides clear and convincing evidence to support the magistrate court's conclusion that Doe neglected Child. As noted above, Doe has a long history of substance abuse beginning in 2012 with prescription pain medication and escalating to daily use of methamphetamine and/or heroin. Doe used controlled substances around Child, exposed Child to the controlled substances, and possessed the substance while in the presence of Child. Doe entered and failed to complete drug treatment approximately five different times. Doe has two felony convictions related to the use or sale of controlled substances. As a result of these

convictions, Doe has been incarcerated since August 2022 and she has remained incarcerated for the duration of the case. The magistrate court further found that Doe resisted substance abuse treatment and did nothing to control her addiction. Doe did not contribute to Child's financial or physical care and left Child's basic needs to be met by John. Despite being ordered to pay child support, Doe did not do so and, instead, Doe's mother learned of the child support obligation and made the payments for Doe.

John has had exclusive custody of Child since Doe was arrested on December 31, 2018, and Doe has not had any contact with Child since September 2020. The magistrate court found Doe's "incarceration is substantial in duration and has persisted over a significant portion of [Child's] young life." Based on Doe's incarceration, Doe cannot carry out her personal responsibilities to Child; cannot provide Child with food, shelter, support, medical, or educational care; and has had no contact with Child, resulting in a diminished relationship.

In light of the above factors, the magistrate court concluded Doe was unable to meet her own needs, let alone the needs of Child. As such, there is clear and convincing evidence that Doe neglected Child by failing to provide proper parental care or control, subsistence, medical, or other care necessary for Child's well-being.

## B. Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that terminating Doe's parental rights is in the best interests of Child because, at the time of the termination trial, Doe had been and would remain incarcerated

until November 2024. The court noted that because of the length of Doe's incarceration, she has been absent from Child's life for a substantial portion of time and will continue to be absent, further attenuating her presence in Child's life. While Doe expressed her love for Child, her expression has not translated to appropriate care and support for Child. The magistrate court further noted the difficulties Doe would face upon her release from incarceration and that Doe's ability to remain drug-free outside of incarceration was "untested."

On the other hand, the magistrate court found that John was reported to be an excellent father to Child and Child is closely bonded with Doe I, who has acted as a mother figure to Child since Child was just over one year of age. Child is healthy, developmentally on track, and comfortable in her home with John and Doe I. The magistrate court concluded Child deserved normalcy, stability, and support, and John and Doe I have been stable, safe, and secure parents for Child and have promoted Child's health, safety, and well-being. The magistrate court found termination of Doe's parental rights is in the best interests of Child and that conclusion is supported by clear and convincing evidence in the record.

### IV.

### CONCLUSION

Clear and convincing evidence supports the magistrate court's conclusion that Doe neglected Child and that termination of Doe's parental rights is in the best interests of Child. The judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

6